ALD-329                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1827
_____

DAVID PODLOG,
                              Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-7375)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 7, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: September 08, 2014)
_____

OPINION
_____

PER CURIAM

David Podlog, a federal prisoner proceeding pro se and in forma pauperis, appeals

from the District Court's order dismissing for lack of jurisdiction his petition filed

pursuant to 28 U.S.C. § 2241. Because his appeal presents no substantial question, we

will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1993, a jury in the United States District Court for the Southern District of New York, found Podlog guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The District Judge thereafter concluded that Podlog's offense level and criminal history category mandated a sentence of 324 months in prison and five years of supervised release. Upon review, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence.

In 1997, Podlog sought collateral relief by filing a motion pursuant to 28 U.S.C. § 2255. The District Court denied Podlog's motion and the Court of Appeals denied his request for a certificate of appealability. In 2013, the Court of Appeals denied Podlog's request for permission to file a second or successive 28 U.S.C. § 2255 petition..

In December 2013, Podlog filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, where he is now incarcerated.  Although Podlog couched his claim as one of "actual innocence," his primary contention was that his 27-year sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the District Judge, not a jury, determined the quantity of drugs involved in his crime. The District Court dismissed Podlog's petition for lack of jurisdiction, determining that Podlog's claim concerning the legality of his sentence could only be raised—if at all—in a Section 2255 motion. See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The District Court also declined to transfer the petition to the United

States Court of Appeals for the Second Circuit as a request to file a second or successive 28 U.S.C. § 2255 motion, because that Court had already considered and rejected the claim presented in the current petition.

Podlog now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

The District Court did not err in dismissing Podlog's petition. A federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538; Okereke, 307 F.3d at 120. This occurs "only where the petitioner demonstrates that some limitation of scope of procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d at 251-52.

Podlog cannot avail himself of the exception in this case. In In re Dorsainvil, we held that Section 2241 allows relief when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. Id. Although Podlog tries to fit his claims into the In re Dorsainvil exception, he has not alleged that the actions resulting in his conviction have been de-criminalized. Rather, he asserts that the decision in Apprendi rendered his

3

sentence illegal because the judge—rather than the jury—determined the quantity of drugs involved in his crime. See Apprendi, 530 U.S. at 490 (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). As the District Court explained, we have stated that, "[u]nlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render . . . the crime for which [the petitioner] was convicted, not criminal." Okereke, 307 F.3d at 120. We then held that Section "2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument." Id. at 121.

In short, the District Court did not err in dismissing Podlog's petition. He did not demonstrate that Apprendi, or any other change in the law, has rendered the crime for which he was convicted non-criminal. Accordingly, the In re Dorsainvil exception does not apply, and Podlog has not established that Section 2255 is "inadequate or ineffective" to challenge the legality of his detention. In addition, for the reasons explained by the District Court, it properly declined to construe Podlog's petition as one for leave to file a second or successive Section 2255 motion and transfer it to the United States Court of Appeals for the Second Circuit.

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

4